IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MCKINLEY HOUSTON**, *et al.*, | § § § | |
| Appellants, | § § | |
| v. | § § | Civil Action No. 4:20-cv-2755 |
| **EP ENERGY CORPORATION**, *et al.*, | § § § | |
| Appellees. | § § § | |

### APPELLEES' RESPONSE TO APPELLANTS' PRE-BRIEF MOTION

EP Energy Corporation ("**EP Energy**") and its affiliates in the above-captioned chapter 11 cases (collectively, the "**Appellees**") file this response to Appellants Michael Houston and Steve Houston's Pre-Brief Motion. For the reasons set forth below, the Court should deny Appellants' Motion.

1. In their Pre-Brief Motion, Appellants first request that this appeal be "heard by the Bankruptcy Appellate Panel rather than by the United States District Court" and further request that the "case be forwarded to the Bankruptcy Appellate Panel." Mot. ¶ 1. A bankruptcy appellate panel does not exist in the Fifth Circuit. Accordingly, the Court should deny Appellants' first request.

2. Second, Appellants request "for all questions for Certification to the Louisiana Supreme Court." Mot. ¶ 2. As set forth in the Supreme Court of Louisiana's Rules, the Court only permits the Supreme Court of the United States or a circuit court of appeal to certify questions. La. Sup. Ct. R. 12 § 1 (permitting certification "[w]hen it appears to the ***Supreme Court of the***

*United States*, or to any *circuit court of appeal* of the United States" (emphasis added)); *see also* La. Sup. Ct. R. 12 § 2 ("The provisions of this rule may be invoked by the ***Supreme Court of the United States*** or any ***circuit court of appeal*** of the United States." (emphasis added)); La. Rev. Stat. Ann. § 13:72.1(A).  Thus, a federal district court lacks authority to certify questions to the Supreme Court of Louisiana.  *Finley v. Schindler Elevator Corp.*, 2000 WL 1473591, at *2 (E.D. La. Sept. 28, 2000) (denying "plaintiff's request" for certification because "the controlling Louisiana Supreme Court rules permit certification only by the United States Supreme Court and circuit courts of appeal"); *California-W. States Life Ins. Co. v. Sanford*, 515 F. Supp. 524, 526 (E.D. La. 1981) (noting that a district court "may not certify a question of Louisiana law to the state supreme court" because only the courts of appeals and Supreme Court may certify questions). The Court should therefore deny Appellants' second request to certify questions to the Supreme Court of Louisiana.

3. For the foregoing reasons, Appellees respectfully request that the Court deny Appellants' Pre-Brief Motion.

Dated: December 3, 2020
       Houston, Texas

       */s/ Alfredo R. Pérez*
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Alfredo.Perez@weil.com
       Clifford.Carlson@weil.com

WEIL, GOTSHAL & MANGES LLP
Erin Choi (24079436)
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Email:   Erin.Choi@weil.com

***ATTORNEYS FOR APPELLEES***

## Certificate of Service

I hereby certify that, on December 3, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas, and by email to the Appellants.

                                                */s/ Alfredo R. Pérez*
                                                Alfredo R. Pérez